ADAMS, J.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JOHN W. BELL, III, ) | CASE NO.  5:05CV1700 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | <u>MEMORANDUM OF OPINION</u> |
| CITY OF HUDSON, et al., ) | <u>AND ORDER</u> |
| ) | [RESOLVING DOC. 51] |
| Defendants. ) | |
| ) | |

This civil rights action filed under 42 U.S.C. § 1983  is before the Court upon defendant City of Hudson's Motion for Summary Judgment (Doc. 51).  The Court has reviewed the memorandum in support, memorandum (Doc. 54) and supplemental memorandum (Doc. 59) in opposition, and reply memorandum (Doc. 62).  The Court has also considered the entire record in this matter.  For the reasons set forth below, the Court will grant the motion.

On September 2, 2005, the Court--after reviewing the separate Reports of the Parties' Planning Meeting (Docs. 5 and 8) and consulting with the attorneys for the parties--issued a Case Management Plan ("CMP").  The CMP (Doc. 10) provides in pertinent part that "[o]n or before <u>October 11, 2005</u> the plaintiff shall identify its retained expert witness(es) and provide opposing counsel with a written expert report(s)." *Id.* at 1-2, No. 5 (emphasis in original).

On October 11, 2005, plaintiff  filed a Motion to Enlarge Time to Designate an Additional Expert Witness (Doc. 21) on the issue of proper police administrative procedures. Finding the plaintiff's argument unavailing, on December 7, 2005, the Court denied the Motion to Enlarge Time. *See* Order (Doc. 40).  Additionally, the Supplemental Designation of Testifying Expert and Expert Report,  filed by the plaintiff on November 9, 2005, was stricken from the file.

Plaintiff filed the Expert Report of David A. Kessler, Ph.D. after the deadline specified in the CMP for him to provide opposing counsel with a written report, without a showing of good cause and without leave of Court. *Id.*

Proof that the City of Hudson exhibited deliberate indifference to things such as "a history of widespread abuse," "failure to investigate," "lack of training," and "failure to train, supervise, or discipline" police officers that amounts to a policy, practice, or custom of the City, and that the Chief of the Hudson Police Department or Hudson City Manager refuse to combat its effects (or their ready acquiescence in its life in the department), should be sufficient to establish liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Of course, the burden on the plaintiff is not only to prove the existence of these matters but to demonstrate that they were a proximate cause of the alleged unconstitutional actions of defendants David Devore and Dan Thompson.[1] *Garner v. Memphis Police Dept*, 8 F.3d 358, 364 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994); *Spell v. McDaniel*, 824 F.2d 1380, 1387-88 (4th Cir. 1987), *cert. denied*, 484 U.S. 1027 (1988). Given the facts of this case, the Court holds that the plaintiff will require expert testimony on this subject to show a jury that the procedures are inadequate (*i.e.*, that they create a risk of harm of which a reasonable Chief of Police or municipal official would have been aware). *See Berry v. City of Detroit*, 25 F.3d 1342, 1350-53 (6th Cir. 1994); *see also* Michael Avery, David Rudovsky, and Karen Blum, Police Misconduct: Law and Litigation § 11:17 (Thompson/West Oct. 2005) ("In all probability, plaintiff will require expert testimony on [the] subject [of a code of silence].").

---

[1] As the Court stated during the Motion Hearing held on March 7, 2006, the Affidavit of Marisa McCaughley (Doc. 54-2) is of little or no benefit. Much, if not most, of the affidavit is based upon hearsay and does not set forth facts that would be admissible in evidence. *See* Order (Doc. 91) at 2.

In those circumstances where expert testimony is necessary to support a claim, failure to provide such testimony makes it proper for a court to award summary judgment. *Riley v. Littell Intern., Inc.*, No. 98-3620, 1999 WL 486533 (6th Cir. July 1, 1999) (per curiam) (product liability case).  Accordingly,

Defendant City of Hudson's Motion for Summary Judgment (Doc. 51) is GRANTED upon the grounds that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law.  Judgment is entered in favor of defendant City of Hudson on all of the plaintiff claims against the City.

IT IS SO ORDERED.

| | |
|---|---|
| May 22, 2006 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |