ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. BELL, III, | ) | CASE NO. 5:05CV1700 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>ORDER</u> |
| CITY OF HUDSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The Status Report of defendant David Devore (Doc. 105) provides in pertinent part:

Payment of [ ] Dr. Michael Freedman's fee for a deposition lasting slightly more than two hours remains unresolved. Dr. Freedman submitted a bill to plaintiff's counsel for $2,000 which was forwarded to defendants for payment in full. Defendants have asserted this fee is unreasonable under Fed. R. Civ. P. 26(b)(4)(C).

*Id.* at 1. After notice to the parties, the Court held hearings on this fee contest on June 5, 2006 and June 23, 2006. The Court has reviewed the deposition of Dr. Freedman,[1] plaintiff's expert psychologist, and has considered his testimony and the exhibits presented during the hearings. The Court has also considered the oral statements of counsel. For the reasons that follow, the Court will order that an appropriate fee for Dr. Freedman's giving of a discovery deposition, including preparation time, be fixed at $875.00.

I.

On September 2, 2005, the Court--after reviewing the separate Reports of the Parties' Planning Meeting (Docs. 5 and 8) and consulting with the attorneys for the parties--issued a Case

---

[1]A draft copy of the deposition transcript was filed on February 14, 2006. *See* Doc. 73. The transcript was subsequently filed on June 27, 2006. *See* Doc. 134.

Management Plan ("CMP") pursuant to Local Rule 16.3(b)(4) of the United States District Court for the Northern District of Ohio. The CMP (Doc. 10) provides in pertinent part that "[o]n or before October 11, 2005 the plaintiff shall identify its *retained* expert witness(es) and provide opposing counsel with a written expert report(s)." *Id.* at 1-2, No. 5 (underline in the original; other emphasis added).[2] The CMP also sets forth what the "written report prepared and signed by the witness" shall contain in order for a party to be able to call the expert witness to testify. *Id.* at 2.

Even though the expert discovery deadline for plaintiff was established at the Case Management Conference held on August 24, 2005, the plaintiff apparently did not seek treatment for the psychological effects alleged in the case at bar until October 5, 2006. Plaintiff filed the "Preliminary" Report of Michael L. Freedman, Ph.D. (Doc. 20-2) on the day of the deadline specified in the CMP for him to provide opposing counsel with a report. It states in pertinent part:

> 4. Preliminarily, the psychological effects Mr. Bell is suffering appear to be, and may be, post-tramatic (sic) stress syndrome based on my evaluation of Mr. Bell and anticipated review of psychological test results that have not yet been received.

*Id.* at 1. It is noteworthy that Dr. Freedman signed the report on October 10, 2005--only five days after the plaintiff's initial and lone appointment with him up to that point in time. *See*

---

[2]Dr. Freedman testified at his deposition:
   Q. You were retained by Mr. Hoover, correct, to examine Mr. Bell?
   A. Retained? Not retained. I don't know, there is no money exchanged, it was a request. Actually John called me. I guess Dean asked John to get some help and John called me.
Doc. 73 at 2; *see also id.* at 10. His testimony in response to an inquiry from the Court during the June 23, 2006 hearing was consistent with this testimony.

Doc. 73 at 3 and 4.  Furthermore,  Dr. Freedman testified at his deposition as follows:

> Q.  That would not be -- I mean, at that point in time you had not done enough work and had gotten to know Mr. Bell well enough to offer any opinions as to what his condition was?
> A.  I didn't want to do this because that's based on a one-hour interview.
> Q.  It just can't be done?
> A.  Not professionally.  I felt very uneasy about this.  But when Mr. Hoover said this is preliminary and he needed to have it, okay, you know.

*Id.* at 30.  Dr. Freedman also testified during the June 5, 2006 hearing that he had not made a diagnosis of the plaintiff prior to receiving the subpoena *duces tecum* served upon him on January 20, 2006 (Exhibit 3).

According to the CMP, "[t]he discovery deposition of an opponent's expert witness shall be completed on or before February 1, 2006." *Id.* at 2.  Furthermore, "[a] party may not call an expert witness to testify unless a written report *prepared* and signed *by the witness* has been procured and provided to opposing counsel" (emphasis added). *Id.*  With the deadline approaching, the defendants took the deposition of Dr. Freedman on January 27, 2006.  Dr. Freedman testified as follows:

> Q.  Okay.  Now, did you prepare that report?
> A.  I prepared this with guidance from Mr. Hoover.
> Q.  Did Mr. Hoover print it and send it to you to be signed?
> A.  Yes.
> Q.  And when you say you prepared it in connection with Mr. Hoover how, did that process work?
> A.  Well, I didn't know the legal form that this should take, so he helped phrase it.  I mean, I don't think in terms of Plaintiff Bell, that's not a phraseology I would use.
> Q.  Right.
> A.  So he suggested that he put it together so that it had the proper legal posture, and that's fine with me.

Doc. 73 at 3.  His testimony in response to questions posed by the Court during the June 23, 2006 hearing was consistent with this deposition testimony.

3

II.

Dr. Freedman's revised statement for services (Exhibit 2) requests a payment of $2,000 for "[r]eview of materials, research, phone calls and preparation time" (6.8 hours at $125 per hour) and for "[d]eposition time" (2.5 hours[3] at $500 per hour).  Dr. Freedman testified that he "[j]ust skimmed through" the plaintiff's medical records from Alabama, Akron General, and Children's Hospital because he didn't understand most of it. *See* Doc. 73 at 29.  But surprisingly, he did not review the transcript of the plaintiff's deposition taken on December 29, 2005. *See* Doc. 73 at 32.

Dr. Freedman testified at the June 5, 2006 hearing that he charged the plaintiff $125 per hour for services rendered to him.  He also declared that his "normal" hourly rate of compensation in his daily practice is $125.  Furthermore, his charge for deposition time in the case at bar was $500 an hour because it's "the fee that I charge for something I don't like to do."

Fed. R.Civ. P. 26(b)(4)(C) provides in part that "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." The Court of Appeals for the Sixth Circuit has limited compensation to time spent in the deposition. *See Cotton v. Consolidation Coal Co.*, 457 F.2d 641, 646-47 (6th Cir. 1972).

Experts often demand minimum deposition fees far exceeding their customary hourly rate. *Expert Witness Conflicts and Compensation*, 67 Tenn. L. Rev. 909, 934 (2000).  The Court finds that Dr. Freedman's charge for deposition time of four times his regular hourly rate of compensation is unreasonable given the facts of this case.  Especially in light of the hourly rate actually being charged to the party "employing" him, *i.e.*, nothing! *See* Doc. 73 at 2 and 10.  In

---

[3]Part of the time was spent answering questions posed by plaintiff's counsel. *See* Doc. 73 at 36-38.

4

balancing the relevant factors set forth in *Goldwater v. Postmaster General of U.S.*, 136 F.R.D. 337, 340 (D.Conn. 1991) (six-factor test) and *Jochims v. Isuzu Motors Ltd.*, 141 F.R.D. 493, 495-96 (S.D.Iowa 1992) (seven-factor test), the Court fixes Dr. Freedman's fee at $500 (2.5 hours at $200 per hour) for the giving of a discovery deposition, plus $375 (3 hours at $125 per hour) for preparation time.  The Court finds that this amount is reasonable and will fairly compensate Dr. Freedman for his time in participating in this litigation.  Accordingly,

Defendant David Devore shall forthwith pay Dr. Freedman the total sum of Eight Hundred Seventy-five and 00/100 Dollars ($875.00) for his deposition and preparation time.

IT IS SO ORDERED.

| | |
|---|---|
| _June  27, 2006_ | _/s/ John R. Adams_ |
| Date | John R. Adams |
| | U.S. District Judge |